## Irvin *v.* Gill, Appellant.

*Tax sale—Assessment for school taxes.*

Where a board of school directors have failed to make any assessment of school taxes as required by the act of May 8, 1854, a sale of land for non-payment of school tax is invalid, and will vest no title in the purchaser at such sale.

Submitted Oct. 12, 1892. Appeal, No. 202, Oct. T., 1892, by defendants, John G. Gill et al., from judgment of C. P. Cambria Co., Sept. T., 1889, No. 24, on verdict for plaintiff, E. A. Irvin. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Ejectment.

At the trial before KREBS, P. J., of the 46th judicial district, specially presiding, it appeared that, prior to 1868, the land in controversy had been entered upon by Simon Noel, and that in 1868 it was regularly assessed to him. In 1869 the tax collector returned fifty acres for the nonpayment of school taxes. It did not appear, however, that any assessment had been made by the school board as required by the act of May 8, 1854. On June 11, 1872, the land was sold and bid in by the county commissioners for the taxes and costs. On Sept. 11, 1882, the commissioners sold the same at public sale to John G. Gill, the defendant. He went into possession of the same, when on June 10, 1889, E. A. Irvin, claiming under the warrant "John Miller," (of which the fifty acres are part,) brought his ejectment against John G. Gill et al. for 194 acres, being all of that portion of the "Miller warrant" lying in Cambria county.

The court charged in part as follows:

"In the view we take of this case in answer to the several propositions put by the defendant's counsel, we do not believe, as we understand the law, that there is evidence here of a valid assessment of school tax to justify the county commissioners in authorizing the treasurer to sell this tract of land. It is a part of the law relating to common schools that, at their first annual meeting in each school year, they are required to ascertain by the precise means pointed out by the school law the

amount or rate of mills that is to be collected during the ensuing school year for school purposes, and for building purposes, if there is any building tax to be collected. They are required to do this, and to keep a minute of it; and to authorize the issue of a warrant to any collector to collect school tax, there must be this preliminary meeting of the school board; and they are to determine what amount or rate of mills shall be assessed for school purposes. Without that there can be no legal assessment of school tax; without that a warrant put in the hands of the collector of school tax would be an absolute nullity; so that, in this case, this not having been shown as a foundation or basis upon which they had a right to assess these fifty acres of land, there cannot, in our opinion, be a valid sale of this land for the nonpayment of these seven dollars of school tax."

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were (1) "in not submitting the case to the jury; (2) in not affirming defendants' points; (3) in affirming plaintiff's points and directing a verdict for plaintiff;" without quoting instructions.

*F. A. Shoemaker,* for appellant, cited: Heft v. Gephart, 65 Pa. 510; Cuttle v. Brockway, 24 Pa. 145; Huston v. Foster, 1 Watts, 477; Lee v. Jeddo Coal Co., 84 Pa. 74; Thompson v. Chase, 2 Gr., Pa. 367; Goodman v. Sanger, 91 Pa. 71.

*Thomas H. Murray* and *Cyrus Gordon,* for appellee, cited: McReynolds v. Longenberger, 57 Pa. 13; Strauch v. Shoemaker, 1 W. &. S. 178; Lyman v. Phila., 56 Pa. 500; Vandermark v. Phillips, 116 Pa. 199; Phila. v. Miller, 49 Pa. 449; Connor's Ap., 103 Pa. 356; Jenks v. Wright, 61 Pa. 410; Hess v. Herrington, 73 Pa. 438; Vankirk v. Clark, 16 S. & R. 286; Barton v. Smith, 1 R. 403.

PER CURIAM, January 3, 1893: Judgment affirmed.